UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TISHA M., <br><br>                     Plaintiff, <br><br> v. <br><br> ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br>                     Defendant. | Case No. 2:23-cv-01825-TLF <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 3. Plaintiff challenges the Administrative Law Judge's decision finding that plaintiff was not disabled. Dkt. 1, Complaint.

On August 5, 2020 plaintiff filed applications for DIB and SSI alleging a disability onset date of April 25, 2018. AR 19. 108. The applications were denied initially and upon reconsideration. AR 105-106, 155, 180. On July 15, 2022 a hearing was conducted by Administrative Law Judge ("ALJ") Cecelia LaCara. AR 40-65. On September 20, 2022, the ALJ issued an unfavorable decision finding plaintiff did not

meet the criteria for disability. AR 19-30. On September 27, 2020 the Appeals Council declined the request for review. AR 1-7. Plaintiff subsequently filed this appeal.

The ALJ found plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, asthma, left hip osteoarthritis, obesity, depression, and anxiety. AR 22. The ALJ found plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following additional restrictions: she can stand and walk for up to two hours and sit for up to six hours in an eight hour work day. she can frequently climb ramps or stairs and frequently crawl. She can occasionally stoop. She must avoid concentrated exposure to excessive industrial level vibration and hazards and to unprotected heights. Work is limited to simple routine tasks and well-known complex tasks. AR 24. Accordingly, the ALJ determined plaintiff can perform the following work: production assembler (DOT 706.687-010), routing clerk (DOT 222.687-022), and small products assembler (DOT 739.687-030). AR 30.

## STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the

evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason on which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

**1. Medical evidence.**

Plaintiff argues the ALJ erred in evaluating the medical opinions of Dean Edward Williams, M.D., Katherine R. Mayer, M.D., and Ellen Walker, Ph.D. Dkt. 14-2 at 2-14.

Plaintiff filed their applications on August 5, 2020. *See* AR 19, 108. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how they considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is incompatible with the revised regulations" because requiring ALJ's to give a "more robust explanation when discrediting evidence from certain sources necessarily favors the evidence from those sources." *Id.* at 792. Under these regulations,

> an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must "articulate ... how persuasive" it

---

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate reasons").

3

finds "all of the medical opinions" from each doctor or other source, 20 C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2). *Id.*

a. Dr. Dean Edward Williams, M.D.

Plaintiff argues that the ALJ failed to incorporate limitations opined by Dr. Williams into the RFC. Dkt 14-2 at 2-10.

On June 2, 2018, Dr. Williams evaluated plaintiff. AR 2765-69. He noted that plaintiff had recently undergone bilateral L4-5 laminectomy/decompression with Left L4-5 discectomy, and was experiencing continued discomfort including occasional numbness in feet and some mild weakness but no falls. AR 2766. He assessed that during her recovery she was limited to walking less than one block before sitting down, standing for less than half an hour, sitting for an hour, had difficulty with stooping/reaching and was restricted to lifting less than ten pounds. *Id*.

The report of the physical examination showed tenderness on palpitation over lower lumbar area near vertical lumbar healed surgical scar, back flexion to 45 degrees stops because of pain, extension to ten degrees, left lateral bending ten degrees, right fifteen. AR 2767. Dr. Williams noted that plaintiff had normal coordination, slight right sided weakness on resisted right ankle dorsiflexion 4/5, more on left with left toe dorsiflexion also slight weakness, some decreased sensation over both feet, favors left leg slightly with ambulation. AR 2768.

The ALJ assessed Dr. Williams' opinion as follows:

> The assessments of Dr. Williams are somewhat persuasive, as he was a treating provider and his findings at the time were supported by the physical examinations, back surgeries, observations, and medical management. However, further notes through 2022 were more consistent with an ability to perform light work with some standing and walking limits due to ongoing

complaints in the lower extremities and feet and her recent left hip replacement. Moreover, the claimant's physical impairments warranted further limits in postural and environmental restrictions due to a history of asthma and joint pain impairments with surgical interventions within the relevant period.

AR 28 (citing AR 502-07, 534-37, 687-89, 703-04, 996-1001, 1091, 1296-97, 1359, 1373-76, 2135, 2709-16, 2765-66, 2864, 2876, 2894, 2918, 2931, 2940, 2942-46, 3174-75, 3185, 3198, 3203, 3726-32, 3741-44, 3751-54).

Plaintiff argues that the ALJ did not properly discuss the supportability factor in regard to Dr. Williams' opinion. Dkt. 14-2 at 7. The defendant responds that "the ALJ discussed the evidence related to [plaintiff's] muscle tone, strength, and neurological functioning" and concluded that this evidence conflicted with Dr. Williams' opinion. Dkt. 18 at 7 (citing AR 25).

"Supportability" concerns the way a particular medical source supports their opinion with relevant evidence. *Woods*, 32 F.4th at 791-92. "Consistency" concerns the way a medical opinion either is, or is not, consistent with evidence in the Administrative Record, from medical and non medical sources. *Id*.

The ALJ considered Dr. Williams' opinion to be somewhat persuasive but discounted his opinion because later records reflected an ability to perform light work. AR 28. Plaintiff argues that the ALJ did not consider the supportability factor; yet, the ALJ stated that the opinion was supported by the physical examinations, back surgeries, observations, and medical management. *Id*.

The record shows the ALJ discussed the supportability factor regarding Dr. Williams' opinion. But because the ALJ found that Dr. Williams' opinion was supported by the record, the ALJ discounted Dr. Williams' opinion for the sole reason that the opinion was not in alignment with other records consistent with a finding of an ability to

5

perform light work. Plaintiff argues that the ALJ also erred in addressing this factor because the ALJ used conclusory language and failed to explain how later treatment notes conflicted with Dr. Williams' opinion. Dkt. 14-2 at 6-7.

The ALJ does not explain the conclusion that further notes through 2022 were more consistent with an ability to perform light work. And the records cited by the ALJ through 2022 do not contradict plaintiff's testimony – for example a note from an office visit in Harborview Neurosurgery clinic on October 4, 2021 states: "[s]he continues to have difficulty with walking due to her left leg pain. Motor exam on LLE is limited by pain" "[o]n my preliminary review of her MRI L-Spine, there appears to be increased enhancement at L3-4 with resultant moderate left-sided cord stenosis." AR 2931.

In addition, January 19, 2022 Unity Care NW notes state: "[w]hole life has been ripped apart," "is miserable. In terrible pain," "[s]cared to walk because she is afraid of falling" "[l]eft sided hip pain started Aug/Sept. Felt in R groin radiates back toward buttock. Always irritated. Nothing helps. Constantly adjusting positions. Left leg feels weaker, feels like it is not there." AR 3185. Findings of an X-Ray taken on January 19, 2022 revealed: "[b]ony pelvis is intact. No acute osseous abnormality. Prior lumbar fusion. Moderate DJD of the left hip. Right hip is intact." AR 3203. Impressions of an MRI performed on February 4, 2022 stated: "[l]arge hypertrophic hip labrum with a large anterosuperior labral tear and a mild to moderate hip osteoarthritis." AR 3199. On March 7, 2022, her chronic pain and labral tear, left hip condition were noted to have deteriorated and her low back pain, chronic was noted to be unchanged. AR 3175.

Because the ALJ did not explain the basis for the conclusion that Dr. Williams' opinion conflicts with the cited records, and the Court cannot discern the reasoning, the

ALJ failed to provide a proper reason for discounting Dr. Williams' opinion. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (The Social Security Administration must set forth the reasoning behind its decisions in a way that allows for meaningful review, and the ALJ must build an accurate and logical bridge from the evidence to his or her conclusions)

    b. Dr. Katherine R. Mayer, M.D.

On July 18, 2022, Dr. Mayer performed a physical assessment of plaintiff and diagnosed her with chronic back pain, lumbar radiculopathy, left hip labral tear/dysplasia, right foot drop, paresthesia, and major depressive disorder. AR 3807. She stated that plaintiff's symptoms were often severe enough to interfere with the attention and concentration required to perform simple work-related tasks. *Id*. She stated that side effects from plaintiff's medication such as nausea and drowsiness may impact her capacity for work. *Id*. She concluded that plaintiff would be absent from work more than four times a month. AR 3808.

Dr. Mayer opined plaintiff would need to recline or lie down during an eight-hour workday. *Id*. She opined that plaintiff could not walk any city block without rest or significant pain, could sit for two hours in an eight-hour day and could not stand/walk for a full hour. AR 3807. She opined plaintiff would need to take six unscheduled ten-minute breaks during an eight-hour workday. *Id*. She stated that plaintiff could not lift and carry any amount of weight during an eight hour work day and could only use her arms for reaching for ten percent of the day. *Id*.

The ALJ found Dr. Mayer's opinion to not be persuasive because it was not fully supported with evidence or adequate explanation to warrant extreme limitations, the

doctor's own follow up treatment did not support the limitations, and the assessment mostly conflicted with plaintiff's medical history, physical exams, diagnostic testing, and medical management through 2022 with regard to absences and complete limitations in certain areas. AR 28.

Plaintiff argues that the ALJ's assessment of Dr. Mayer's opinion is inaccurate and insufficient; she contends that documentation of Dr. Mayer's follow up treatment of plaintiff at Unity Care NW does support the assessed limitations. Dkt. 14-2 at 8. Plaintiff also argues that the ALJ failed to discuss the factors of supportability and consistency. *Id*.

The ALJ's decision fails to discuss how the records of Dr. Mayer's own follow up treatment did not support the limitations, and it is unclear how the ALJ came to this conclusion or even which records are being referred to in the ALJ's decision. *See* AR 28. The ALJ's decision did not clearly articulate reasoning for the conclusion that the opinion conflicted with plaintiff's "longitudinal medical history, physical exams, diagnostic testing, and medical management through 2022 with regard to absences and complete limitations in certain areas." *See id.* The ALJ's decision cited the same records here as were cited in discounting Dr. Williams' opinion; as discussed above, there is no reasoning to show how these records contradict Dr. Mayer's opinion. The ALJ's decision neither provides a legally sufficient reason nor is there substantial evidence to discount Dr. Mayer's opinion. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

The ALJ's decision also discounted Dr. Mayer's opinion because it was not supported with adequate explanations for the extreme limitations opined. AR 28. The

1   ALJ must consider the opinion in the context of the rest of the medical evidence put
2   forth by the opinion's authors. See Garrison v. Colvin, 759 F.3d 995, 1014 n. 17 (9th Cir.
3   2014).

4       Here, as plaintiff points out, Dr. Mayer's notes throughout the record provide
5   evidence for her opinion. See, e.g., AR 3173-76 (notes from 3-7-2022); AR 3179-83
6   (notes from 2-9-2022); AR 3189 -92 (notes from 1-6-2022); AR 3193-3197 (notes from
7   10-6-2021) . It does not appear that the ALJ accounted for these records when
8   determining the support for Dr. Mayer's opinion.

9       Therefore, the ALJ failed to provide adequate reasons for discounting Dr.
10  Mayer's opinion.

11      c.   Dr. Ellen Walker, Ph.D.

12      On June 5, 2019 Dr. Walker conducted a psychological evaluation of plaintiff and
13  prepared a report. AR 3811-3813. She conducted a mental status exam and reported
14  that plaintiff was cooperative during the interview but her affect was anxious and
15  depressed. AR 3812. She reported that plaintiff's remote memory skills were good but
16  she had difficulties with forgetfulness in daily life apparently related to poor
17  concentration and pain/depression. Id.

18      Dr. Walker diagnosed plaintiff with adjustment disorder with mixed anxiety and
19  depressed mood. AR 3813. In the medical source statement, Dr. Walker stated that in a
20  work setting plaintiff would struggle with focus because of her significant pain and loss
21  in her life as well as legitimate worries about her future. Id. She opined that plaintiff
22  could comprehend and retain simple instructions but may struggle to do so with

complex ones. *Id*. She opined that plaintiff has good interpersonal skills and does well with the public. *Id*.

She opined that plaintiff would not be able to consistently get to and stay at a full-time job because her ability to maintain regular work attendance is markedly impaired. *Id*. She also concluded that plaintiff would have difficulty responding to changes in the workplace but could take precautions regarding hazards on her own, can travel alone in unfamiliar places and use public transportation, and can set future goals for herself and make basic plans independently of others. *Id*.

The ALJ found Dr. Walker's opinion to not be persuasive and articulated her findings as follows:

> The assessment is not persuasive, as it was not supported by the exam and observations. Furthermore, the opinion was not consistent with the claimant's behavioral notes, counseling and medical management through 2022, which indicated only moderate findings in concentration, persistence, and pace, and understanding, remembering, and applying information (Ex. B2A/12, B2F/29, B4F/3, B5F/7, B8F, B22F/5, & B27F/3-48).

AR. 28.

Plaintiff argues that the ALJ failed to adequately address the factor of supportability and the rationale offered by the ALJ failed to identify a lack of support. Dkt. 14-2 at 10-13. Defendant argues that plaintiff does not meaningfully challenge the ALJ's assessment of Dr. Walker's opinion because the ALJ reasonably considered the consistency factor, and plaintiff does not challenge this. Dkt. 18 at 7. As stated by another district court as to the requirements of 20 C.F.R. § 404.1520c(b)(2)

> [A]lthough a court may affirm an ALJ's evaluation of a medical opinion on either the ALJ's supportability or consistency findings, the ALJ must explain both the supportability and consistency factors, The regulations are clear that a proper and thorough analysis of one of the two factors is not enough to overcome the failure to address the second factor.

*Ian B. v. O'Malley*, 4:24-CV-3031-EFS, 2024 WL 3815421, at *4 (E.D. Wash. Aug. 14, 2024).

Here the ALJ did not explain the conclusion that the opinion was not supported by the exam and observations and the Court cannot discern how she came to this determination. Dr. Walker noted that plaintiff cried throughout the interview session and her affect was anxious and depressed. AR 3812. She noted that plaintiff has difficulty with forgetfulness in daily life which she concluded appeared to be related to poor concentration and pain/depression. *Id*. Dr. Walker reviewed Unity Care chart notes. AR 3811. Therefore, the ALJ erred in failing to discuss how she considered the supportability factor. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

d. Harmless Error

An error that is inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id*. at 1052, 1054*; see also, Carmickle v. Comm'r. Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

Here the ALJ relied only on the medical opinions of the state agency consultants who opined plaintiff was limited to light work. AR 27. But Drs. Williams, Mayer, and Walker opined much greater limitations in her ability to stand, walk, sit, lift, focus, and attend work regularly due to her impairments. *See* AR 2765-69, 3807-08, 3811-13. Had

these opinions been credited it would have resulted in a more restrictive RFC. The errors were therefore not harmless.

### 2. Plaintiff's statements about subjective symptoms

Plaintiff challenges the ALJ's assessment of her testimony, arguing that the ALJ failed to provide clear and convincing reasons for discounting her testimony. Dkt. 14-2 at 14.

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony about the severity of his symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

At the hearing plaintiff testified that her pain and her emotional state limit her every day. AR 47. She stated that she is lucky if she has two good days out of the week, and even on those days she struggles after the mid-morning hours. AR 48. She testified that she struggles with walking for five minutes, could stand for eight to ten minutes at a time on a good day and for only a couple of minutes at a time on a bad day. AR 48-49.

She stated that the heaviest she can lift and carry is less than a gallon of milk and she is limited to sitting for 10-20 minutes at a time. AR 49. She stated that on a

1 typical day she splits activities into sections and alternates between sitting, standing,
2 and laying down all day. *Id*. She testified that she has to lay down and ice her back at
3 least four times a day for 20 minutes. AR 49-50. She stated that she takes Gabapentin
4 and Tylenol for the pain but they help only very mildly with the pain. AR 50. She testified
5 that she is not able to consistently sleep at night and on a good day she sleeps six
6 hours, on other days she sleeps two to four hours. *Id*.

7 As for her mental health, plaintiff testified that it is depressing to even get out of
8 bed every day because her body does not allow her to do the things she used to do. AR
9 51-52. She testified that her mental health symptoms negatively affected her ability to
10 be social, to be around other people, and to engage in different activities. AR 52. She
11 could do some cooking, and a bit of laundry, but could not grocery shop because she
12 could not push a cart; she could drive for 5-10 minutes at a time. *Id*.

13 The ALJ determined that plaintiff may have some work related limitations but the
14 objective evidence did not support plaintiff's allegations of an inability to do all work. AR
15 25. The ALJ also noted plaintiff's ability to participate in activities of daily living such as
16 "attending to her personal care needs, preparing meals, performing household duties,
17 watching TV, shopping in stores, paying bills, talking on the phone, spending time with
18 family and others, and taking care of pets. The claimant was also noted to try to do
19 crafts, play games on the tablet, and read." *Id*.

20 Plaintiff argues that the daily activities listed by the ALJ do not undermine
21 plaintiff's allegations, and the ALJ failed to explain why the medical evidence
22 contradicted plaintiff's claims. Dkt. 14-2 at 16-17.

    "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)). But an ALJ may not reject a claimant's subjective symptom testimony "solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain). Treatment records cannot be cherry-picked; the ALJ must consider a particular record of treatment in light of the overall diagnostic record. *Ghanim v. Colvin,* 763 F.3d at 1164.

    As for plaintiff's difficulty with walking and standing, the ALJ summarized records that showed plaintiff had ongoing pain in her back and legs, had reduced motor strength in the lower extremities, and had a slow and cautious gait. AR 25-26. The ALJ also summarized records that showed abnormal x-ray and MRI findings. *Id*. Because the records do not appear to contradict plaintiff's testimony and the ALJ failed to explain why she concluded that they did, this is not a clear and convincing reason for discounting plaintiff's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

    As for the ALJ's second reason for discounting plaintiff's testimony, an ALJ may discount a claimant's testimony based on daily activities that either contradict their testimony or that meet the threshold for transferable work skills. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

    Here the ALJ again did not explain how these daily activities contradicted plaintiff's testimony about her symptoms. The activities appear to have been taken out

of context. For example in the "Function Report – Adult – Third Party" completed by plaintiff's daughter and cited by the ALJ, plaintiff's daughter writes that plaintiff needs help with her personal care and cooking, plaintiff cooks meals weekly when she can, but cannot stand and cook or do dishes for a long stretch, and performs limited cleaning including vacuuming; plaintiff needs help with laundry, and can only unload the top rack of the dishwasher, and she shops for groceries via her phone. AR 365-67. The "Function Report – Adult" forms completed by plaintiff reflect the same limitations. AR 372-77, 409-423. A note from plaintiff's Unity Care record states: "[t]rying to do crafts and play games on tablet and also reading." These activities do not contradict plaintiff's statements about her limitations. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014) (ALJ may not "cherry-pick[]" items from treatment record without considering them in context of "diagnosis and observations of impairment.").

Thus, the activities cited by the ALJ are not a clear and convincing reason for discounting her testimony.

An error inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). If the errors of the ALJ result in a residual functional capacity (RFC) that does not include relevant work-related limitations, the RFC is deficient and the error is not harmless. *Id; see also, Carmickle v. Comm'r. Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008); *Embrey v. Bowen,* 849 F.2d 418, 422-423 (9th Cir. 1988); *Stramol-Spirz v. Saul,* 848 Fed. Appx. 715, 718 (9th Cir. 2021) (unpublished).

Here plaintiff described serious limitations in her ability to function day to day, let alone perform activities transferable to a workplace. Had the ALJ considered these

limitations it would have resulted in a more restrictive RFC. The error was therefore not harmless.

## CONCLUSION

For these reasons, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings.

Dated this 11th day of December, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge